UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAHMAN MIZANUR,<br><br>                Petitioner,<br><br>   v.<br><br>ICE FIELD OFFICE DIRECTOR,<br><br>                Respondent. | CASE NO. C20-1479-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, a citizen of the Bangladesh, is detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC"). Dkt. 1. On October 5, 2020, the Court received his petition for relief under 28 U.S.C. § 2241 alleging he has been in custody since January 4, 2020 and requesting the Court direct respondents to immediately release him from custody, set a reasonable bond, or order another bond hearing. Dkt. 1. For the reasons below, the Court recommends **DENYING** the § 2241 habeas petition and **DISMISSING** the habeas petition with prejudice.

Petitioner filed a form habeas petition that does not set forth the facts of his case. On November 13, 2020, respondents filed a return and motion to dismiss the habeas petition. Dkt. 5. Respondents describe the facts regarding petitioner's immigration proceedings and petitioner has not filed any opposition to the facts presented by respondents.

REPORT AND RECOMMENDATION - 1

Respondents contend petitioner is subject to an administratively final order of removal, is therefore detained under 8 U.S.C. § 1231, and has failed to show his detention is indefinite under *Zadvydas v. Davis,* 533 U.S. 678 (2001). *Id*. at 2. In support, respondent contends petitioner is a citizen of Bangladesh. Dkt. 6 Lambert Declr. Ex. A. About February 18, 2019, petitioner unlawfully entered the United States by climbing over a fence at the border without inspection. Dkt. 7, Deering Decl. Petitioner admitted illegally entering and was served notice of expedited removal. *Id.* Petitioner claimed fear of returning; an asylum officer interviewed him, and his case was referred to an immigration judge (IJ). *Id.*

On June 6, 2019, petitioner testified at a bond redetermination hearing held by the IJ that his family had used a photocopy of his passport to obtain a new passport. The IJ deemed petitioner a flight risk and detained him. Dkt. 6 Lambert Decl. On June 12, 2019 petitioner again appeared before the IJ. Petitioner admitted the allegations in the notice to appear and the IJ sustained the charge of removability. *Id.* Petitioner then filed applications for asylum and withholding of removal and appeared before an IJ on October 31, 2019 regarding these applications. The IJ denied petitioner's applications and ordered him removed.

On November 22, 2019, petitioner administratively appealed the order to the Board of Immigration Appeals (BIA). While the appeal was pending, petitioner was moved from his detention center in the state of Louisiana to NWIPC. The BIA dismissed the appeal on March 25, 2020. Dkt. 6 Lambert Declr., Ex. G (BIA decision). On April 20, 2020, petitioner filed a petition for review in the Court of Appeals for the Ninth Circuit. The Ninth Circuit transferred the petition to the Fifth Circuit because petitioner's removal proceedings had been completed in Louisiana.

While the petition for review was pending in Fifth Circuit, petitioner filed a motion on July 24, 2020 requesting redetermination of his custody. The IJ held a bond redetermination hearing on August 5, 2020, took testimony from the parties, considered petitioner's sponsor's letter, and concluded petitioner shall remain detained as a flight risk. On September 5, 2020, the Fifth Circuit

REPORT AND RECOMMENDATION - 2

denied petitioner's motion for stay of removal and dismissed his appeal. Because there is a final order of removal and petitioner's applications for relief have been denied, respondent is assembling travel documents to facilitate petitioner's removal. Once the travel document application is complete, respondent will submit it to the Bangladeshi embassy for processing, and institute removal proceedings.

Respondent correctly contends that 8 U.S.C. § 1231 governs this case. Petitioner's removal proceedings are final, and the detention and release of aliens in this circumstance shifts to INA § 241, 8 U.S.C. § 1231. Section 241(a)(1)(A) of the INA states "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A). During the removal period, continued detention is required. INA § 241(a)(2), 8 U.S.C. § 1231(a)(2). Section 241(a)(6) provides the Attorney General with discretionary authority to detain certain aliens beyond the removal period, or to release them under an order of supervision. INA § 241(a)(6), 8 U.S.C. § 1231(a)(6).

The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1), which provides:

The removal period begins on the latest of the following:

(i)     The date the order of removal becomes administratively final.

(ii)    <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order</u>.

(iii)   If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B) (emphasis added). As noted above, the removal period in this case began on September 5, 2020, when the Fifth Circuit denied petitioner's motion for stay of removal and dismissed his appeal. Petitioner's detention was mandatory for the 90 days following the "removal period," or up until December 4, 2020.

REPORT AND RECOMMENDATION - 3

After December 4, 2020, respondent had the discretionary authority to continue to detain petitioner or to release him on supervision. 8 U.S.C. § 1231(a)(6). Petitioner does not contest the accuracy of the government's recitation of the events leading to his current detention, or that he is an alien subject to an administratively final order of removal and detained under 8 U.S.C. § 1231. Petitioner also does not provide any basis to establish removal is not reasonably foreseeable under *Zadvydas.* Rather what petitioner contends is the Court should release him or order another bond hearing because he is not a flight risk and "will appear for all hearings and will appear if he is removed from the country." Dkt. 1 at 3.

Petitioner's case is governed by *Zadvydas v. Davis*. In *Zadvydas*, the Supreme Court held § 1231(a)(6) implicitly limits a noncitizen's detention to a period reasonably necessary to bring about that individual's removal from the United States and does not permit "indefinite" detention. 533 U.S. at 701. Detention becomes indefinite if, for example, the country designated in the removal order refuses to accept the noncitizen, or if removal is barred by the laws of this country. *See Diouf v. Mukasey* ("*Diouf I*"), 542 F.3d 1222, 1233 (9th Cir. 2008). Petitioner fails to present any evidence respondents will not be able to remove him. Rather, respondents are assembling petitioner's travel documents and will forward them to the Bangladeshi embassy for processing. Thus, he is not entitled to release under *Zadvydas*.

Petitioner also asks the Court to order respondents to hold another bond hearing. Dkt. 1 at 6. In *Diouf v. Napolitano* ("*Diouf II*"), 634 F.3d 1081 (9th Cir. 2001), the Ninth Circuit held noncitizens subject to **prolonged detention** under § 1231(a)(6) are entitled to a bond hearing if removal is **not imminent** as the term is used in *Zadvydas*. 634 F.3d at 1082; *see also Flores Tejada*, 954 F.3d at 1249 (reaffirming the continued validity of *Diouf II*'s holding). In August 2020, petitioner received a second bond hearing, and he has not shown that she is entitled to

another. *See Flores Tejada*, 954 F.3d at 1250 (*Diouf II* requires only one bond hearing, not multiple). He also has not shown that his removal is not imminent under *Zadvydas*.

Furthermore, although the Court can review bond determinations for constitutional claims and legal error, *see Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011), petitioner has not shown such error. Petitioner clearly disagrees with the IJ's decision to detain but his disagreement is not itself grounds to order release or another hearing. Accordingly, the Court concludes the IJ committed no error. The Court therefore recommends the Court DENY the habeas petition and DISMISS the case with prejudice.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **December 28, 2020.** The Clerk should note the matter for **January 1, 2021**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed eight pages. The failure to timely object may affect the right to appeal.

DATED this 14th day of December 2020.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5